■ In the Matter of WILLIAM R. MOON, as Delaware County Commissioner of Social Services, on Behalf of TERESA KK., Appellant, v SCOTT LL., Respondent.—Casey, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered September 5, 1989, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 5,

to adjudicate respondent as the father of a child born to Teresa KK.

Petitioner, as assignee of the rights of the natural mother, commenced this paternity proceeding to declare respondent the natural father of the mother's child (see, Family Ct Act § 522). Family Court issued an order directing that respondent, the mother and the child appear at a specified time and place for blood genetic marker tests (see, Family Ct Act § 532). Copies of the order were sent to respondent at his mailing address in Connecticut and to the mother, care of petitioner's office. Because of scheduling problems, an amended order was issued directing the parties to appear at a different location six days earlier than the date specified in the original order. Copies were sent to the parties in the same manner as the original order. Respondent appeared at the time and place indicated in the amended order, but the mother and child did not appear. By letter dated June 22, 1989, addressed to respondent's attorney with a copy to petitioner's attorney, Family Court noted the mother's failure to appear for the blood test and concluded with the following admonition: "Please advise us as to how you wish the Court to proceed at this point. If we have not heard from you within ten (10) days, the case will be scheduled for fact-finding."

Respondent's attorney promptly replied and indicated his objection to any request that respondent appear a second time for blood tests. By letter dated July 7, 1989, petitioner's attorney requested new orders for blood tests in respondent's case and in a second unrelated paternity proceeding. Noting the absence of any competent explanation for the mother's failure to attend the scheduled appointment as directed in the amended order, Family Court denied the motion. Petitioner renewed the motion upon papers explaining that although the mother received the original order, she never received the amended order. An affidavit from an employee of petitioner's Child Support Unit states that the amended order was not forwarded to the mother because it was never the practice of that office to forward orders to its clients and there was nothing to indicate that the court expected the order to be forwarded. Family Court again denied the motion.

At the fact-finding hearing, petitioner sought to introduce certain hospital records, but Family Court sustained respondent's objection on the ground that the records were not properly certified. Petitioner moved for a continuance to permit proper certification. Family Court denied the motion, and following the close of the hearing, at which the only witness

was the mother, the petition was dismissed due to the lack of clear and convincing evidence that respondent was the father of the child.

Upon appeal, petitioner contends that Family Court erred in denying his motion for a second opportunity to have the blood-grouping test performed and in denying petitioner's request for a continuance of the hearing. In our view, these matters are within the scope of Family Court's discretion and we see no abuse of that discretion. The record establishes that respondent, who has fully complied with the court's orders, would be substantially inconvenienced in the event that either of petitioner's motions was granted. More importantly, the motions resulted solely from petitioner's actions or inaction, for which no adequate excuse was offered. Petitioner claims he was unaware that the court expected the amended order to be forwarded to the mother, but apparently the original order was forwarded to the mother and, on its face, the amended order states that the copy to the mother was being sent care of petitioner's office. In addition, petitioner did not act until two weeks after being advised of the mother's failure to appear and the initial request for a second opportunity contained no explanation for the mother's failure to appear. As to the continuance, petitioner had ample time to prepare for the hearing and there was no explanation for the lack of proper certification. The order dismissing the petition should therefore be affirmed.

Order affirmed, without costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.