■ In the Matter of MEREDITH P. B., Respondent, v MAXWELL F. I., Appellant. [597 NYS2d 162] —In a paternity proceeding pursuant to Family Court Act article 5, the appeal is from an order of the Family Court, Kings County (Palmer, J.), dated January 4, 1990, which adjudicated the appellant to be the father of the petitioner's child born April 29, 1989.

Ordered that on the court's own motion the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (Family Ct Act § 1112 [a]); and it is further,

Ordered that the order is affirmed, without costs or disbursements.

Upon the petitioner's request, it was incumbent upon the Family Court to order the parties and the subject child to appear for a a human leucocyte antigen (HLA) blood group test (Family Ct Act § 532 [a]). The Family Court complied with the requirements of the statute when it ordered the parties and the child to appear for testing on October 31, 1989, and again on November 29, 1989. The putative father failed to appear for the court-ordered test on either of the scheduled dates. While the putative father did proffer excuses for his failure to appear, it was within the court's discretion to either draw an adverse inference against him or to accept the excuses *(see, Matter of Joseph P. M. v Boyce R.,* 127 Misc 2d 931; *Matter of Moon v Scott LL.,* 167 AD2d 748). Accordingly, the Family Court correctly proceeded with the fact-finding hearing and entered an order of filiation without the benefit of the court-ordered tests. Bracken, J. P., Miller, Lawrence, Copertino and Santucci, JJ., concur.